**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AKUA L. FRIMPONG, | |
| Plaintiff, | |
| v. | Civil Action No. 16-3917-BRM-LHG |
| SUNRISE SENIOR LIVING, INC., et al., | **OPINION** |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a motion by Plaintiff Akua L. Frimpong ("Plaintiff") to remand this action to the Superior Court of New Jersey, Law Division, Middlesex County. (Dkt. No. 6.) Defendant Sunrise Senior Living, Inc. ("Sunrise") opposes the motion. (Dkt. No. 10.) For the reasons set forth herein, Plaintiff's Motion to Remand is **GRANTED**.

### I.     BACKGROUND

This case arises from Plaintiff's alleged slip-and-fall at a property owned, operated, and maintained by Sunrise, as well as Defendant AL I/E B. Senior Housing, LLC ("B Senior Housing") and various individual and corporate Does (collectively, "Defendants"). (Second Am. Compl. (Dkt. No. 1-7) at ¶¶ 1-4.) According to the Second Amended Complaint, on March 13, 2014, Plaintiff "was caused to fall" at the property by Defendants' "negligent[] and careless[]" failure to "own, control, rent, lease, repair, maintain, supervise, inspect, and clear ice and snow" on the property. (*Id.* at ¶¶ 3-4.) Plaintiff alleges that this fall caused her to "sustain[] diverse, painful and permanent injuries; she was unable and will in the future be

unable to pursue her usual duties, occupation and responsibilities; and as a further result thereof, hospital treatment medical treatment and medicines were necessary for [her] care and treatment." (*Id.* at ¶ 4.)

On December 21, 2015, Plaintiff filed her original Complaint in the Superior Court of New Jersey, Law Division, Middlesex County, under docket number MID-L-7467-15. (Dkt. No. 1-1.) On December 31, 2015 Sunrise was served with the Complaint. (Dkt. No. 6 at 6, ¶ 4; Cert. of Robert H. Heck (Dkt. No. 7) at Ex. B.) On February 3, 2016, Sunrise filed its answer to the Complaint. (Dkt. No. 1-2.) On March 16, 2016, Plaintiff filed a First Amended Complaint to add as a defendant AL I/E Senior Housing, LLC ("AL Senior Housing"). (Dkt. No. 1-3.) On April 28, 2016, Plaintiff filed the Second Amended Complaint to substitute B Senior Housing as a defendant in place of AL Senior Housing. (Dkt. No. 1-7.) Nothing in the record indicates that B Senior Housing was ever served with the Second Amended Complaint. To date, B Senior Housing has not entered an appearance or answered the Second Amended Complaint. Sunrise served its answer to the Second Amended Complaint on May 19, 2016. (Dkt. No. 1-9.) On June 30, 2016, Sunrise removed the matter to this Court based on federal diversity jurisdiction. (Dkt. No. 1.)

Plaintiff is a citizen of New Jersey. (Dkt. No. 1-1 at 1.) Sunrise is a Delaware limited liability company ("LLC") with its principal place of business in Virginia. (Dkt. No. 1 at ¶ 16.) Sunrise asserts, and Plaintiff does not dispute, that B Senior Housing is not a New Jersey LLC,

and its principal place of business is not in New Jersey.[1] (*Id.* at ¶ 17; Notice of Removal, Ex. 12 (Dkt. No. 1-12).) However, both the Second Amended Complaint and the Notice of Removal are silent as to the citizenship of the members of Sunrise and B Senior Housing, which is the basis upon which citizenship of an LLC is determined.[2] *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The state of organization and the principal place of business of an unincorporated association are legally irrelevant. Accordingly, the citizenship of an LLC is determined by the citizenship of its members.") (quotations omitted).

The parties do not dispute that the amount in controversy exceeds the sum or value of $75,000. (Dkt. No. 1 at ¶ 11; Notice of Removal, Ex. 10 (Dkt. No. 1-10) at ¶ 2; Notice of Removal, Ex. 11 (Dkt. No. 1-11) at ¶ 2.) However, the parties disagree as to when Sunrise was first been put on notice that the amount in controversy exceeded $75,000. Plaintiff argues that

---

[1] As evidence, Sunrise submits the results from a query to the New Jersey Secretary of State Corporations demonstrating that no company of the name "AL I/E. B. Senior Housing, LLC" is registered in New Jersey. (Dkt. No. 1 ¶ 17; Notice of Removal, Ex. 12 (Dkt. No. 1-12).)

[2] In the Notice of Removal, Sunrise improperly applies the citizenship test for a corporation, instead of the test for an unincorporated association, to determine the citizenship of both Sunrise and B Senior Housing. (*See* Dkt. No. 1 at ¶¶ 16-17.) "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business[,] [b]ut unlike corporations, unincorporated associations such as partnerships are not considered citizens as that term is used in the diversity statute." *Lincoln Benefit*, 800 F.3d at 104-05 (quotations and citations omitted). Instead, the citizenship of an unincorporated association like an LLC "is determined by the citizenship of its members." *Id.* at 105. Consequently, "[f]or complete diversity to exist, all of the LLC's members must be diverse from all parties on the opposing side." *Id.* (quotations omitted).

To date, no representations have been made to the Court regarding the citizenship of the members of either Sunrise or B Senior Housing. Typically, in such circumstances, "courts have an independent obligation to satisfy themselves of jurisdiction." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003). However, here, because the Court grants the present Motion to Remand on other grounds, the Court need not inquire further into whether there is complete diversity of citizenship among the parties.

3

Sunrise should have been aware of the amount in controversy as early as either December 31, 2016, when the Complaint was served, or April 11, 2016, when Plaintiff served Sunrise with answers to its interrogatories. (*See* Dkt. No. 1-1; Dkt. No. 7 at Exs. E, F.) Conversely, Sunrise asserts that it only first became aware that the amount in controversy in this lawsuit exceeded $75,000 on June 1, 2016, when Plaintiff admitted as such in a response to a request for admissions. (Dkt. No. 1 at ¶ 11.) On June 30, 2016, Sunrise removed the matter to this Court. (Dkt. No. 1.)

Plaintiff moves to remand this case, asserting that the removal was procedurally deficient because (1) it was untimely, pursuant to 28 U.S.C. § 1446(b)(3), and (2) Sunrise failed to secure consent to removal from B Senior Housing, in violation of 28 U.S.C. § 1446(b)(2)(A). Sunrise opposes the Motion to Remand, arguing (1) that removal was timely and (2) a defendant who has not been served need not consent to removal.

For the reasons set forth below, the Motion to Remand is **GRANTED**.

**II.    LEGAL STANDARD**

Under 28 U.S.C. § 1441, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. A district court has original jurisdiction over a civil action where the litigation involves citizens of different States, and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. Typically, a notice of removal of a civil action must be filed by a defendant within thirty days of receiving the complaint. 28 U.S.C. § 1446(b). However, where it is not evident from the face of the complaint that a case is removable, "a notice of removal may be filed within thirty days after receipt by Defendants . . . of a copy of an amended pleading, motion, order or other paper from which it may be first

4

ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Additionally, when a case is removed, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

Upon the removal of an action, a plaintiff may challenge such removal by moving to remand the case back to state court. 28 U.S.C. § 1447. Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Federal courts rigorously enforce the congressional intent to restrict federal diversity jurisdiction, and therefore removal statutes are "strictly construed against removal" and "doubts must be resolved in favor of remand." *Id.* at 396-403.

**III.    DECISION**

Plaintiff argues that Sunrise's removal of the case on June 30, 2016 was untimely, because, according to Plaintiff, Sunrise removed more than thirty days after it had sufficient information to determine that the amount in controversy exceeded $75,000.[3] Plaintiff claims that the original Complaint, which was served on Sunrise on December 31, 2015, "put defendant on notice that plaintiff was claiming 'diverse, painful and permanent' injuries, as well an [sic] inability to pursue future occupations and responsibilities." (Dkt. No. 6 at 8.) Alternatively, Plaintiff claims that Sunrise should have been aware of the amount in

---

[3] The parties do not dispute that the original Complaint was sufficient to notify Sunrise of diversity among the parties, because the Complaint expressly states that Plaintiff is a citizen of New Jersey. (*See* Dkt. No. 1-1 at 1).

controversy, based on answers to interrogatories that Plaintiff sent to Sunrise on April 11, 2016. Specifically, in the April 11, 2016 interrogatory answers, Plaintiff claimed injuries including a broad-based disc protrusion, an annular tear at the L4-5 intervertebral disc, and radiculopathy; lost wages totaling approximately $1,200.00; medical bills totaling approximately $79,708.63; and a workers compensation lien for $52,027.01 asserted against any resolution of Plaintiff's case. (Dkt. No. 7 at Exs. E, F.) Plaintiff contends that the information contained in these answers to interrogatories was sufficient to notify Sunrise that the amount in controversy exceeded $75,000.[4]

Sunrise counters that removal was timely, because it was within thirty days of June 1, 2016 – the date, according to Sunrise, that it first determined that the damages in this case exceeded the jurisdiction threshold for removal. Sunrise argues that because the original Complaint, the First Amended Complaint, and the Second Amended Complaint were not clear as to the amount in controversy, these documents did not put it on notice that the case was removable, and moreover, would not have been sufficient to satisfy its burden to establish jurisdiction upon removal. Additionally, Sunrise asserts that the April 11, 2016 answers to interrogatories are also too vague and open-ended to establish, without speculation, that the amount in controversy exceeded $75,000. According to Sunrise, it was not able to confirm that the case was removable until Plaintiff admitted "the matter in controversy in this lawsuit

---

[4] The Court notes that Plaintiff does not specifically cite to the $1,200 in lost wages or the $79,708.63 in medical costs claimed in the answers to interrogatories. However, the Court sees no reason to disregard these portions of the document when determining whether it constitutes "other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3).

exceeds the sum or value of $75,000 exclusive of interests and costs" on June 1, 2016 in response to a request for admissions. (*See* Dkt. No. 1-10 at ¶ 2; Dkt. No. 1-11 at ¶ 2.)

Pursuant to 28 U.S.C. § 1446(b), a notice of removal of a civil action must typically be filed by a defendant within thirty days of receiving the complaint. 28 U.S.C. § 1446(b). The statute provides, however, that

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Pursuant to the statute,

> [i]t is not necessary that the amount in controversy be stated in the initial pleading in order to trigger the running of the thirty-day period for removal. Rather, the thirty-day period begins to run when a defendant can reasonably and intelligently conclude from the pleadings[, a motion, an order, or other paper] that the amount in controversy exceeds the jurisdictional minimum.

*Carroll v. United Air Lines*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998). Accordingly, here, the Court must undertake a two-step analysis to determine whether Sunrise's removal was timely. First, the Court must analyze whether the case stated in the initial pleading was removable. And, second, if the initial pleadings did not provide a sufficient basis for removal, the Court must determine when Sunrise first received an amended pleading, motion, order or other paper from which it could reasonably and intelligently conclude that the case was removable.

In removal cases, "determining the amount in controversy begins with a reading of the complaint filed in the state court." *Samuel-Bassett*, 357 F.3d at 398. When, as is the case here, a complaint does not limit its request to a precise monetary amount, the court must independently appraise the claim's value. *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). This is measured by a "reasonable reading of the value of the rights being litigated." *Id.*

7

Because any doubts as to jurisdiction must be resolved in favor of remand, the inquiry into a claim's value "should be objective and not based on fanciful, pie-in-the-sky, or simply wishful amounts." *Samuel-Bassett*, 357 F.3d at 403.

In the present case, neither the original Complaint, the First Amended Complaint, nor the Second Amended Complaint allege a specific dollar amount of damages. (Dkt. No. 1-1; Dkt. No. 1-3; Dkt. No. 1-7.) Moreover, the allegations in all three complaints are so vague that the amount in controversy is not facially apparent. For example, the allegations in the complaints do not explain what specific type of injuries Plaintiff sustained from her purported slip and fall. Instead, the complaints simply state that Plaintiff "sustained diverse, painful and permanent injuries." (Dkt. No. 1-1 at ¶ 4; Dkt. No. 1-3 at ¶ 4; Dkt. No. 1-7 at ¶ 4.) Furthermore, although the pleadings do state that, due to her injuries, "hospital treatment, medical treatment, and medicines were necessary," they do not specify what kind of treatment or medicines were required. (Dkt. No. 1-1 at ¶ 4; Dkt. No. 1-3 at ¶ 4; Dkt. No. 1-7 at ¶ 4.) And finally, although Plaintiff seeks damages in the form of lost wages, the three iterations of the Complaint contain no information regarding Plaintiff's job title, rate of pay, or the amount of time she was unable to work due to her injury. (Dkt. No. 1-1 at ¶ 4; Dkt. No. 1-3 at ¶ 4; Dkt. No. 1-7 at ¶ 4.)

In short, contrary to Plaintiff's assertions, the original Complaint does not facially offer support for removal. Thus, the present case clearly falls under the exception set forth in 28 U.S.C. § 1446(b)(3) wherein "the case stated by the initial pleading is not removable." Furthermore, because the amended pleadings do not shed any additional light on the amount in controversy, they too are not documents from which it could have reasonably and intelligently been ascertained that present case is removable.

8

The Court next turns to the question of whether Plaintiff's April 11, 2016 answers to interrogatories constitute other paper from which it may first be ascertained that the case is one which is or has become removable. "Although there is no appellate decision within this Circuit specifically defining 'other paper' within the meaning of the statute, the district courts in the Third Circuit have given the term an 'embracive construction' to include a wide array of documents, including letter communications between counsel, deposition testimony, stipulations between the parties, answers to interrogatories, and transcripts." *Costa v. Verizon N.J., Inc.,* 936 F. Supp. 2d 455, 465-66 (D.N.J. 2013) (collecting cases); *see also Cabibbo v. Einstein/Noah Bagel Partners, L.P.*, 181 F. Supp. 2d 428, 432-33 (E.D. Pa. 2002) (answers to interrogatories could be "other paper" sufficient to put defendant on notice of removability). Thus, the April 11, 2016 interrogatory answers constitute "other paper" within the meaning of the statute.

Sunrise contends that claims asserted in the April 11, 2016 interrogatory answers were so vague that it would have had to "speculate" to determine that the amount in controversy exceeded $75,000. However, the interrogatory answers state on their face that Plaintiff's claimed damages exceed $75,000. The answers state in pertinent part:

> 10. If employed at the time of the accident, state: (a) name and address of employer;(b)position held and nature of work performed; (c) average weekly wages for past year; (d) period of time lost from employment, giving dates; and(e) amount of wages lost, if any.
>
> ANSWERS:
> a. Sunrise Senior Living, Inc.
> b. CNA
> c. Approximately $400.00 per week net
> d. Three (3) weeks
> e. Approximately $1,200.00
>
>     . . . .

9

> 13. Itemize in complete detail any and all moneys expended or expenses incurred for hospitals, doctors, nurses, diagnostic tests or health care providers, x-rays, medicines, care and appliances and state the name and address of each payee and the amount paid and owed each payee.
>
> ANSWERS:
> Concentra Medical Centers (NJ) $13,500.00 (Estimate)
> Hudson Crossing Surgery Center $19,500.00 (Estimate)
> Anesthesia $3,500.00 (Estimate)
> Jersey Diagnostic Imaging, LLC. $800.00 (Estimate)
> Spine Center & Orthopedic Rehabilitation of Englewood $17,000.00 (Estimate)
> JAG Physical Therapy $13,500.00 (Estimate)
> Sedgwick Claims Management Services, Inc. $27,208.63
> (Worker's Compensation Lien)

(Dkt. No. 7 at Ex. E, 4.) A letter claiming that the worker's compensation lien totaled $52,027.01 was attached to the April 11, 2016 interrogatory answers. (Dkt. No. 7 at Ex. F.)

Based on these interrogatory answers, Sunrise was clearly put on notice, without the need to speculate, that the amount in controversy exceeded the $75,000 minimum. Indeed, the claimed estimated health care costs alone totaled $79,708.63. Therefore, the thirty-day removal clock began to run on April 11, 2016, when Sunrise received Plaintiff's answers to its interrogatories. Sunrise's removal eighty days later, on June 30, 2016, was untimely under 28 U.S.C. § 1446(b)(3). *See Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 53 (3d Cir. 1993) ("Where court documents clearly provide notice to defendants of removability, they should do so, rather than protracting the litigation."). Accordingly, this matter should be remanded to state court. *See Costa*, 936 F. Supp. 2d at 467 (granting motion to remand on basis that notice of removal was untimely); *Carroll*, 7 F. Supp. 2d at 523 (same).[5]

---

[5] Because the Court finds that removal is untimely, it need not reach Plaintiff's second argument in favor of remand – namely that Sunrise failed to secure consent to remove from B Senior Housing, in violation of 28 U.S.C. § 1446(b)(2)(A).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand is **GRANTED**. This matter is therefore remanded to the Superior Court of New Jersey, Law Division, Middlesex County and the case is closed. An appropriate order will follow.


Date: October 24, 2016                  **/s/ Brian R. Martinotti**
                                        **HON. BRIAN R. MARTINOTTI**
                                        **United States District Judge**